UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE GUGGER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1609 |
| v. | : | (JUDGE MANNION) |
| MOUNTAIN CITY NURSING & REHABILITATION CENTER, LLC, t/d/b/a MOUNTAIN CITY NURSING & REHABILITATION CENTER, | : | |
| Defendant | : | |

# O R D E R

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the defendant's motion for summary judgment be granted. (Doc. 39). No objections have been filed to Judge Carlson's report. Upon review, the report and recommendation will be adopted in its entirety as the opinion of the court.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing

*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In reviewing defendant's motion for summary judgment, Judge Carlson determined that there are no genuine issues of material fact with respect to the plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") wherein she alleges that defendant discriminated and retaliated against her because of her disability and ultimately terminated her employment. Specifically, Judge Carlson found that the plaintiff has not made a *prima facie* showing of disability discrimination or retaliation. To this extent, Judge Carlson found that the record does not demonstrate that the plaintiff was actually diagnosed with Lyme disease and was therefore not disabled at the relevant time, and in addition, she did not tell her supervisors that she needed an accommodation for Lyme disease. Moreover, even if the plaintiff had a disability, Judge Carlson found that the defendant had a legitimate,

nondiscriminatory and nonretaliatory reason for demoting and ultimately terminating plaintiff's employment.

With the time for doing so having passed, as stated previously, neither party has objected to any part of Judge Carlson's report and recommendation. Upon review, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Carlson to his conclusions. As such, the court will adopt the report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Carlson **(Doc. 39)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

(2) The defendant's motion for summary judgment **(Doc. 28)** is **GRANTED**.

**(3)** The Clerk of Court is directed to **ENTER JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2022**
19-1609-01